IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
COMCAST CABLE :
COMMUNICATIONS, LLC, :
 :
        Plaintiff, : Civil No. 04-4871 (RBK)
 :
        v. : **OPINION**
 :
JEFF MCGOWAN, :
 :
        Defendant. :
_____:

**KUGLER**, United States District Judge:

    This matter comes before the Court upon an unopposed motion by Plaintiff Comcast Cable Communications, LLC ("Comcast") for entry of a default judgment against Defendant Jeff McGowan ("Defendant"), pursuant to Federal Rule of Civil Procedure 55(b)(2), for failure to appear, answer, or otherwise defend in this matter.  For the reasons set forth below, the Court will deny Comcast's motion without prejudice.

**I. BACKGROUND**

    Comcast operates cable television systems, providing programming services to paying consumers.  Comcast subscribers purchase "Basic" or "Standard" tier packages for a set monthly rate and can then add various "Premium" programming services for additional monthly charges of $7.00 to $13.00 per service.  Comcast also offers "pay-per-view" programming, allowing

1

subscribers to purchase individual movies, sporting events, or other entertainment for a "per event" fee, ranging from $4.00 to $49.99, in addition to the cost of the subscriber's regular monthly subscription.

Comcast protects its services from unauthorized reception by encoding, or "scrambling," its proprietary signals. Comcast provides subscribers with a decoding device that unscrambles the appropriate purchased services, enabling customers to view the programs for which they paid. Programming that the customer has not purchased remains scrambled and unviewable on the subscriber's television set.

According to Comcast, Defendant purchased a "pirate" converter-decoder device on February 25, 1999, from Modern Electronics, Inc., to intercept Comcast's cable programming without paying for the service. Comcast filed the above-captioned suit against Defendant on October 4, 2004, seeking an injunction and monetary damages pursuant to the Communications Act of 1934, as amended, 47 U.S.C. § 553. Defendant was served with process on October 26, 2004. Defendant failed to file an answer to the Complaint, and on January 25, 2005, upon request by Comcast, the Clerk of the Court entered Default against Defendant. On February 16, 2005, after default had been entered against him, Defendant file a letter with the Court that denied all allegations made against him by Comcast. On May 10, 2005, Comcast moved for leave to amend its Complaint, and this motion was granted on June 27, 2005. Comcast filed its Amended Complaint on June 28, 2005 and served it upon Defendant by regular mail. Defendant did not file an Answer to the Amended Complaint.

On January 26, 2006, a scheduling conference was held before Magistrate Judge Rosen. In attendance were Comcast, represented by counsel, and Defendant, appearing pro se. Comcast

informed Judge Rosen that Defendant had not filed an Answer to the Amended Complaint, whereby Defendant claimed to have never received the Amended Complaint.  As a result, pursuant to Judge Rosen's instructions, Comcast effected service of process upon Defendant on January 29, 2006.  On March 9, 2006, Comcast served Defendant by regular mail with Requests for the Production of Documents, Interrogatories, and Requests for Admissions.  Defendant did not file an answer to the Amended Complaint, nor did he respond to Comcast's discovery requests.

On April 26, 2006, Comcast made another request for the Clerk of the Court to enter Default against Defendant.  This request was denied.

Noting that the Clerk's entry of Default on January 25, 2005 was never vacated, Comcast now moves for entry of default judgment, including an award of statutory damages in the amount of $250.00 to $10,000.00 pursuant to § 553(c)(3)(A)(ii), costs in the amount of $204.95, and attorney's fees in the amount of $5,270.50.  Comcast also seeks to enjoin Defendant from committing any further violations of § 553(a)(1).

## II. DEFAULT JUDGMENT STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading.  <u>Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.</u>, 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . , the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred.").  The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such "discretion is

not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

### III. ANALYSIS

Comcast argues that Defendant in this action has defaulted, as Defendant's answer to Comcast's initial Complaint was untimely, and filed only after the Clerk had entered Default against Defendant. Furthermore, Defendant has failed to file an answer to Comcast's Amended Complaint, despite being re-served pursuant to Judge Rosen's instructions. Finally, Comcast argues that Defendant has not responded to Comcast's requests for discovery.

While it is true that Defendant's answer to Comcast's initial Complaint was untimely, he nonetheless did file an Answer denying all allegations made by Comcast: "In answer to all summary of claims - I did not purchase nor do I or ever have owned any such device." (Answer at 1.) The fact alone that this Answer was not timely filed is insufficient for Default to be entered against Defendant, especially given the fact that Defendant is appearing pro se. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993) ("A party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation, and trial judges must make some effort to protect a party so appearing from waiving a right to be heard because of his or her lack of legal knowledge.").

Furthermore, while it is also true that Defendant failed to file a pleading responding to Comcast's Amended Complaint, this Court will allow Defendant's initial Answer to stand as a response to the Amended Complaint, as the Answer served to deny all claims contained in the

4

initial Complaint, and Comcast's Amended Complaint contained fewer counts and sought lesser damages than did the initial Complaint.  Given this situation, this Court is well within its discretion to allow Defendant's Answer to the initial Complaint to subsequently stand as his answer to the Amended Complaint.  See Smith v. Mass. Dep't of Corr., 936 F.2d 1390, 1393 n.4 (1st Cir. 1991) (upholding the district court's decision to allow the defendants' motion to dismiss an initial Complaint to serve as a response to the plaintiff's Amended Complaint).  Based on this reasoning, this Court finds that an entry of Default against Defendant is unwarranted at this time.

Finally, Comcast's argument that Defendant has not complied with discovery requests is not a basis for default judgment pursuant to Rule 55, as it is not a failure on the part of Defendant to plead or otherwise defend.  However, noting that Defendant has not complied with Comcast's requests for discovery, this Court will order Defendant to respond by Comcast's requests within fourteen (14) days of the date of this Opinion and Order.  Should Defendant remain non-compliant with Comcast's requests for discovery, he may be subject to default judgment as a sanction pursuant to Fed. R. Civ. P. 37(b)(2)(C).  See Halvajian v. Hillman, 2006 U.S. Dist. LEXIS 22299, at *8 (D.N.J. Mar. 30, 2006) ("A district court may also impose default judgment as a sanction under Rule 37 of the Federal Rules of Civil Procedure for failure to make disclosure or cooperate in discovery."); see also Hoxworth v. Blinder, Robinson, & Co., 980 F.2d 912, 919 (3d Cir. 1992) (noting the availability of default judgment as a sanction under Rule 37).

## IV.  CONCLUSION

For the foregoing reasons, this Court will deny without prejudice Comcast's motion for default judgment and order the Clerk to vacate the January 25, 2005 entry of Default.  Defendant

is ordered to respond to Comcast's discovery request within fourteen (14) days of the date of this Opinion and Order. The accompanying Order shall issue today.


Dated: October 25, 2006                           s/ Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge